1  William D. Hyslop
2  United States Attorney
   Eastern District of Washington
3  David M. Herzog
   Assistant United States Attorney
4  Post Office Box 1494
5  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2020

SEAN F. McAVOY, CLERK

7

8         UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WASHINGTON
9

10  UNITED STATES OF AMERICA,              2:19-CR-00087-RMP
11
                     Plaintiff,           Plea Agreement
12
13          v.                            Pursuant to Federal Rule of Criminal
                                          Procedure 11(c)(1)(C)
14
15  JUAN RIVERA                           Global Disposition with the
16  (a/k/a "Juan Rivera Cruz," "Juan Cruz  State of Washington
    Rivera," "Manuel Rivera," and
17  "Camarón"),                           Court:
                                          Hon. Rosanna Malouf Peterson
18                   Defendant.           United States District Judge
19

20
21        Plaintiff United States of America, by and through William D. Hyslop, United

22  States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant

23  United States Attorney; the State of Washington, by and through Garth Dano,

24  Prosecuting Attorney for Grant County, Washington, and Carlee A. Bittle, Deputy

25  Prosecuting Attorney; and Defendant Juan Rivera, also known as "Juan Rivera Cruz,"

26  "Juan Cruz Rivera," "Manuel Rivera," and "Camarón" ("Defendant"), both individually

27  and by and through Defendant's counsel, Federal Defender Andrea George, agree to the

28  following Plea Agreement.

RIVERA GLOBAL PLEA AGREEMENT – 1

## Introduction

Defendant faces potential criminal exposure in both state and federal court based on child exploitation conduct with regard to Minor Victim 1.

On May 7, 2019, a federal Grand Jury returned an Indictment charging Defendant with Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 1), Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 2); Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 3), and being an Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326 (Count 4).

Defendant's federal charges arose from Defendant's conduct with regard to Minor Victim 1, who is the minor daughter of Defendant's co-conspirator and ex-girlfriend, Maria Balbina Valdovinos-Mendoza ("Valdovinos").  In sum, Defendant communicated with Valdovinos via the Internet, and asked her to produce and send him child pornography images of Minor Victim 1, which he received and thereafter possessed.

During the course of the federal investigation into Defendant's efforts to produce child pornography with Valdovinos, Minor Victim 1 disclosed to law enforcement that Defendant also engaged in hands-on sexual misconduct with her when she was approximately 9 years old and lived in Moses Lake, Washington, together with Defendant and Valdovinos.  Moses Lake is in Grant County, Washington.  Defendant acknowledges that hands-on sexual misconduct with Minor Victim 1 could be charged in Grant County, Washington, as Rape of a Child in the First Degree, in violation of RCW § 9A.44.073 and/or Child Molestation in the First Degree, in violation of RCW § 9A.44.083.

Defendant wishes to resolve his federal case and his potential state exposure as part of a single, global resolution.  The United States Attorney's Office for the Eastern District of Washington and the Grant County Prosecutor's Office agree to such a resolution, as set forth herein.

RIVERA GLOBAL PLEA AGREEMENT – 2

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to plead guilty to Count One of the Indictment filed on May 7, 2019, which charges him with Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).

Defendant understands that the charge in Count One, Conspiracy to Produce Child Pornography, is a Class B felony.  Defendant understands that the maximum penalty for this charge is 30 years in prison, and that the Court must impose a mandatory minimum sentence of no fewer than 15 years in prison.  Defendant understands that he will also be subject to a fine of up to $250,000; a term of supervised release that will be at least 5 years, and may be up to a lifetime; restitution; a $100 special penalty assessment, and registration as a sex offender.  Defendant also understands that absent a finding of indigence by the Court, he will be subject to a $5,000 special assessment, pursuant to the Justice for Victims of Trafficking Act of 2015.

Defendant further understands that a violation of a condition of his federal supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), without credit for time previously served on post-release supervision.  Defendant also specifically understands that he will be required to pay restitution and register as a sex offender.

2.    <u>The Court is Not a Party to the Agreement</u>

Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement.  Defendant understands that sentencing is a matter that is solely within the discretion of the Court.  Defendant understands that the Court is under no obligation to accept any recommendations made by the United States or Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maxima stated in this Plea Agreement.

RIVERA GLOBAL PLEA AGREEMENT – 3

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 20 years in custody, to be followed by a lifetime term of supervised release.  The United States and Defendant agree to make those sentencing recommendations to the Court.

Pursuant to this Plea Agreement, the Grant County Prosecutor's Office agrees not to charge Defendant with Rape of a Child in the First Degree, in violation of RCW § 9A.44.073 or Child Molestation in the First Degree, in violation of RCW § 9A.44.083 with respect to Minor Victim 1.

Defendant understands that this Plea Agreement does not limit any law enforcement agency or prosecuting authority from investigating and/or charging Defendant with any new criminal conduct or violations of Supervised Release that arise during or after his incarceration on these charges.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will ultimately impose.

Defendant understands that the Court is required to consider the applicable Sentencing Guidelines range, but may depart upward or downward.

Defendant acknowledges that this Plea Agreement is entered pursuant to Fed. R. Crim. 11(c)(1)(C).  Defendant understands that he may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than 20 years.

Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 20 years or a term of supervised release shorter than the remainder of Defendant's lifetime.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and neither the United States nor the Grant County Prosecutor's Office will be bound by any representations within it.

The United States and Defendant acknowledge that the imposition of a fine, restitution, or conditions of supervised release are not part of the Rule 11(c)(1)(C)

RIVERA GLOBAL PLEA AGREEMENT – 4

nature of this Plea Agreement; that the United States and Defendant are each free to make any recommendation they deem appropriate as to the imposition of a fine, restitution, or conditions of supervised release; and that the Court will exercise its discretion with regard to the imposition of a fine, restitution, or conditions of supervised release.  Defendant acknowledges that he may not withdraw from this Plea Agreement based on the Court's decisions regarding a fine, restitution, or conditions of supervised release.

3. <u>Effect on Immigration Status</u>

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.  Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while his removal from the United States appears to be a virtual certainty, no one, including his attorney or the District Court, can predict with absolute certainty the effect of his conviction on his immigration status.

Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if automatic removal from the United States is a virtual certainty for Defendant.

4. <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a. The right to a jury trial;

    b. The right to see, hear and question the witnesses;

    c. The right to remain silent at trial;

    d. The right to testify at trial; and

    e. The right to compel witnesses to testify.

RIVERA GLOBAL PLEA AGREEMENT – 5

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.  Defendant specifically waives his right to file pretrial motions and challenge the constitutionality of the statute of conviction.

5.    Elements of the Offense

The United States and the Defendant agree that in order to convict Defendant of Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), the United States would have to prove the following elements beyond a reasonable doubt:

a.    *First*, from on or about May 18, 2017, and continuing through on or about June 1, 2017, in the Eastern District of Washington, Defendant conspired with another person to produce child pornography;

b.    *Second*, at some time during the existence or life of the conspiracy, agreement, or understanding, Defendant knew the purposes of the agreement; and

c.    *Third*, Defendant voluntarily participated in the conspiracy.

The United States and Defendant agree that the elements of the underlying offense of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), (e), are as follows:

a.    *First*, Defendant used a minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

b.    *Second*, at the time of the offense, the minor was under the age of eighteen; and

c.    *Third*, the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce or the visual depiction was mailed or actually transported across state lines or in foreign commerce.

RIVERA GLOBAL PLEA AGREEMENT – 6

6.    <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea.  This factual basis and statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the Guidelines computation or sentencing, unless otherwise prohibited in this Agreement.

Between May 18, 2017, and June 1, 2017, while he was in the Eastern District of Washington, Defendant knowingly and willfully conspired and agreed with Maria Balbina Valdovinos-Mendoza ("Valdovinos"), his ex-girlfriend, to produce child pornography of her daughter, Minor Victim 1, who was then 11 years old, and to send it to him via the Internet, which is a means and facility of interstate and foreign commerce.  Defendant and Valdovinos agreed to employ, use, persuade, induce, entice, and coerce Minor Victim 1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and they did so.  Defendant knew that Valdovinos would send him, via the Internet, the images of Minor Victim 1 that she took at his request, and she did so.  Defendant knowingly received the child pornography images of Minor Victim 1 that Valdovinos sent him, and he thereafter knowingly possessed those images.

The images depict Minor Victim 1 exposing her breasts and lifting her legs into the air, exposing her genitalia in a lewd and lascivious manner.  Valdovinos recorded the child pornography with her cell phone but is not depicted in the video.  Valdovinos can be heard instructing Minor Victim 1 to "beso," which is the Spanish-language word meaning "kiss," after which Minor Victim 1 makes kissing lips.  Valdovinos also told Minor Victim 1 that she needed to open her vagina so Valdovinos could take pictures and send them to Defendant.  Valdovinos recorded the child pornography depicting Minor Victim 1 using her cell phone and sent them to Defendant via the Internet.

RIVERA GLOBAL PLEA AGREEMENT – 7

On December 17, 2018, agents from the Federal Bureau of Investigation ("FBI") executed a search warrant at Defendant's residence in Ephrata, Washington. Defendant's digital devices contained the same child pornography video and images of Minor Victim 1 described above. Telephone chat logs revealed that in May and June 2017, Defendant specifically asked Valdovinos to create and send him videos and images of child pornography that depicted Minor Victim 1.

7.   Defendant's Alleged Conduct in Grant County

When Minor Victim 1 was nine years old and in second grade, she lived in Quincy and Chelan, Washington, with her mother and Defendant. During that time, Defendant touched her "private spot" with his hands and "would try to put his penis in [her] vagina." According to Minor Victim 1, Defendant touched her "a lot" when she lived in Washington, often while her mother was asleep or Minor Victim 1 was in one bedroom and her mother was in another bedroom. Minor Victim 1 reported that Defendant put his penis inside her mouth "a lot of times," and he would place his hands on her head, tell her to open her mouth, and "do it." Minor Victim 1 did not tell her mom because Minor Victim 1 was afraid her mother would not believe her. Minor Victim 1 also disclosed that Defendant licked her vagina on three occasions. Defendant acknowledges that the alleged hands-on conduct with Minor Victim 1 in Grant County constitutes conduct for which he could be charged with Rape of a Child in the First Degree, in violation of RCW § 9A.44.073 and Child Molestation in the First Degree, in violation of RCW § 9A.44.083.

8.   Agreements To Dismiss and Not File Additional Charges

The United States Attorney's Office for the Eastern District of Washington and the Grant County Prosecutors' Office agree not to bring additional charges against Defendant based on information in their possession at the time of this Plea Agreement, unless Defendant breaches this Plea Agreement prior to sentencing in this case. Defendant understands that the United States Attorney's Office for the Eastern District of Washington and the Grant County Prosecutors' Office are each free to criminally

prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement, so long as that conduct was not known to the United States Attorney's Office for the Eastern District of Washington and/or the Grant County Prosecutors' Office, respectively, on the date that Defendant enters into a federal guilty plea based on this Plea Agreement.  At sentencing, the United States agrees to dismiss the remaining charges in the Indictment as against Defendant.

9.    United States Sentencing Guideline Calculations

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine his applicable sentencing guideline range at the time of sentencing.  The United States and Defendant agree to the following calculations and analysis under the Guidelines.

a.    Base Offense Level and Enhancements

The United States and Defendant agree that the following offense level and enhancement calculations apply:

| Base Offense Level and Adjustments | | Guideline Section |
|---|---|---|
| Conspiracy to produce child pornography | 32 | U.S.S.G. § 2G2.1(a) |
| Victim younger than 12 years old | +4 | U.S.S.G. § 2G2.1(b)(1) |
| Use of a computer to solicit participation | +2 | U.S.S.G. § 2G2.1(b)(6)(B) |
| Repeat and dangerous sex offender against minors | +5 | U.S.S.G. § 4B1.5(b)(1) |
| Total | 43 | |

b.    Sexual Act and Sexual Contact

The United States reserves the right to seek a two-level enhancement based on Defendant's sexual acts and conduct with Minor Victim 1.  U.S.S.G. § 2G2.1(b)(2)(A).

c.    No Other Agreements

The United States and Defendant are each free to seek and recommend additional sentencing Guidelines enhancements, departures, and downward or upward variances, so long as their final sentencing recommendations to the Court consist of a recommendation that the Court impose 20 years of incarceration and a lifetime of Supervised Release, as set forth in this Rule 11(c)(1)(C) Plea Agreement.

RIVERA GLOBAL PLEA AGREEMENT – 9

Defendant understands that the United States may raise arguments based on Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and all of Defendant's relevant conduct.

### d.  Acceptance of Responsibility

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and signs and provides this Plea Agreement for filing with the court prior to October 20, 2020, the United States will move for a three-level downward adjustment in offense level for his timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).  Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three-level downward reduction for acceptance of responsibility if, after his guilty plea but prior to the imposition of sentence, he is charged or convicted of any criminal offense or tests positive for any controlled substance.

### e.  Criminal History

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report.  The United States and Defendant have made no agreement and make no representations as to the criminal history category, which will be determined after the Presentence Investigative Report is completed.

### 10.  Incarceration

The United States and Defendant agree that this plea agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case is a sentence of 20 years of incarceration, to be followed by a lifetime of supervised release.  The United States and Defendant each agree to recommend such a sentence.

RIVERA GLOBAL PLEA AGREEMENT – 10

11.    <u>Supervised Release</u>

The United States and Defendant agree to recommend that the Court impose a lifetime term of supervised release, and that Defendant's supervised release terms will include the following conditions in addition to the standard and special conditions of supervised release that are imposed in child exploitation cases in this District:

a.    Defendant shall not contact, in any manner, any identified victim in this case.

b.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

12.    Criminal Fine

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013, and agrees to provide a receipt from the Clerk to the United States before sentencing as proof of this payment.  Defendant agrees that pursuant to the JVTA, an additional mandatory special assessment of $5,000 must be imposed upon conviction, absent a judicial finding of indigence.

14.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15.    Restitution

The United States and Defendant agree that restitution is required.  *See* 18 U.S.C. §§ 2259, 3663A, and 3664.  Further, pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses to Minor Victim 1.  With respect to restitution, the United States and Defendant agree to the following:

a.    Restitution Amount and Interest

The United States and Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing.

The United States and Defendant agree that interest on this restitution amount, if any, should be waived.

b.    Payments

To the extent that the Court orders restitution, the United States and Defendant agree that the Court will set a restitution payment schedule based on his financial

RIVERA GLOBAL PLEA AGREEMENT – 12

circumstances.  *See* 18 U.S.C. § 3664(f)(2), (3)(A).  Regardless, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

### c.    Treasury Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies.  If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.  *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).  Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which he has any interest or over which he exercises control.  Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

### d.    Notifications and Waivers

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution.  *See* 18 U.S.C. § 3664(k).  This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of that change.  *See* 18 U.S.C. § 3612(b)(1)(F).  This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal his convictions, sentence, or restitution order.

16.    <u>Judicial Forfeiture</u>

Defendant agrees to voluntarily forfeit and relinquish all right, title, and interest he has in the following listed assets to the United States, including but not limited to:

- An iPhone, model A1661, bearing Serial Number 579C-E3087A;
- A Samsung cellular telephone, model SM-G900A, in a burgundy case, bearing Serial Number RF8G90WVZ8E;
- A Toshiba laptop, bearing Serial Number 5C067961Q; and
- an SD card.

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in them.  Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission the offenses to which Defendant is pleading guilty, pursuant to 18 U.S.C. § 2253 (Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e)).

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceedings.  Defendant agrees to hold harmless all law enforcement agents and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this Plea Agreement.  Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

RIVERA GLOBAL PLEA AGREEMENT – 14

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets.

Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

17.    Notice of Sex Offender Registration

Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, Defendant must register and keep the registration current in each of the following jurisdictions if he resides in the United States following his incarceration: the location of Defendant's residence, the location of Defendant's employment; and, if Defendant is a student, the location of Defendant's school.  Registration will require that Defendant provide information that includes name, residence address, and the names and addresses of any places at which Defendant is or will be an employee or a student.

Defendant understands that Defendant must update Defendant's registrations not later than three business days after any change of name, residence, employment, or student status.

Defendant understands that failure to comply with these obligations subjects Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18.    Additional Violations of Law Can Void Plea Agreement

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, after Defendant's guilty plea and prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

RIVERA GLOBAL PLEA AGREEMENT – 15

19.    <u>Waiver of Appeal Rights and Collateral Attack</u>

Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal Defendant's sentence.  Acknowledging this, Defendant knowingly and voluntarily agrees to waive all constitutional and statutory rights to appeal his conviction and sentence if the Court sentences Defendant in accordance with the terms of this Rule 11(c)(1)(C) Plea Agreement.

Defendant's appellate waiver includes, but is not limited to, challenges to the following: the terms of this Plea Agreement, Defendant's guilty plea, venue, the amount of restitution ordered by the Court, any Guidelines enhancements applied by the Court, the reasonableness of the Court's sentence, any fine or Special Assessment imposed by the Court, any terms of supervised release imposed by the Court, and any statutes of limitation.

Defendant expressly waives Defendant's right to file any post-conviction motion attacking Defendant's mental competence, plea, conviction, and/or sentence, including motions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 18 U.S.C. § 3742, except a motion based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence.

Nothing in this Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255.

20.    <u>Compassionate Release and Withdrawal or Vacatur of Defendant's Plea</u>

Defendant specifically retains the right to bring a motion for Compassionate Release pursuant to the Fair Sentencing Act, and the United States specifically retains the ability to oppose such a motion.

However, if Defendant successfully moves to withdraw or vacate his plea, dismiss the underlying charges, or set aside his sentence on the counts to which he is pleading guilty, then the following provisions will apply:

RIVERA GLOBAL PLEA AGREEMENT – 16

a.   This Plea Agreement shall become null and void;

b.   The United States and Grant County may prosecute Defendant on any count to which he has pleaded guilty;

c.   The United States and Grant County may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Agreement;

d.   The United States and Grant County may file any new charges that would otherwise be barred by this Agreement;

e.   The United States and Grant County may prosecute Defendant on all available charges involving or arising from the incidents charged in any charging instrument in this case or the case in Grant County;

f.   The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office and/or the Prosecuting Attorney's Office for Grant County;

g.   Defendant agrees to waive any objections, motions, and/or defenses he might have to the United States' or Grant County's re-initiation of prosecution based on any alleged violation of Double Jeopardy; and

h.   Defendant agrees to waive any objections, motions, and/or defenses he might have to the United States' or Grant County's re-initiation of prosecution of charges arising from Defendant's conduct with Minor Victim 1 based on any alleged violations of any statutes of limitation, the Speedy Trial Act, or the Speedy Trial Clause of the Sixth Amendment.

21.   <u>Global Disposition for Charged Conduct</u>

The Grant County Prosecutor's Office agrees not to file criminal charges against Defendant as set forth herein. Defendant acknowledges that if Defendant successfully withdraws from his federal guilty plea, all representations from the Grant County

RIVERA GLOBAL PLEA AGREEMENT – 17

Prosecutor's Office will be null and void. The Grant County Prosecutor's Office makes no representations about prosecution of any future conduct by Defendant, or past criminal conduct that is not set forth in the factual basis of this Plea Agreement. The signature of Deputy Prosecuting Attorney for Grant County on this Plea Agreement serves as confirmation of all representations from the Grant County Prosecutor's Office.

22.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington and the Grant County Prosecutor's Office, as set forth herein, and cannot bind other federal, state, or local authorities. The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____          October 16, 2020
David M. Herzog                           _____
Assistant U.S. Attorney                   Date

Agreed and submitted on behalf of the Grant County Prosecutor's Office.

Grant Dano
Grant County Prosecuting Attorney

_____ #52079             October 15, 2020
Carlee A. Bittle                          Date
Deputy Prosecuting Attorney

RIVERA GLOBAL PLEA AGREEMENT – 18

I have read this Plea Agreement and have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_Juan Rivera_         _10-16-20_
Juan Rivera               Date
Defendant

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the United States and my client. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept my client's plea of guilty.

_Andrea George_       _10-16-20_
Andrea George           Date
Federal Defender for Eastern Washington & Idaho
Counsel for Defendant Juan Rivera

_Maria Perez_      _10-16-2020_

I certify I read the Plea Agreement in the Spanish language on 10-16-2020.

RIVERA GLOBAL PLEA AGREEMENT – 19