William D. Hyslop
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JUAN RIVERA (a/k/a "Juan Rivera Cruz," "Juan Cruz Rivera," "Manuel Rivera," and "Camarón"), <br><br> Defendant. | No. 2:19-CR-00087-RMP <br><br> United States' Sentencing Memorandum <br><br> Sentencing Hearing: <br> January 15, 2021, at 10:00 a.m. <br> Spokane, Washington and/or VTC <br><br> Court: <br> Hon. Rosanna Malouf Peterson <br> United States District Judge |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, hereby submits the following Sentencing Memorandum with regard to Defendant Juan Rivera ("Defendant").

Pursuant to the Rule 11(c)(1)(C) plea agreement in this case (ECF No. 63), the United States recommends a sentence of twenty years in custody, a lifetime of supervised release, no fine, restitution, a mandatory special assessment of $100, and a $5,000 special assessment absent a finding of indigence by the Court.

United States' Sentencing Position – Juan Rivera – page i

The United States' sentencing position is based upon the attached memorandum of points and authorities, the restitution requests filed in the case, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 8, 2021

William D. Hyslop
United States Attorney

*/s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

On October 20, 2020, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), Defendant Juan Rivera ("Defendant"), pleaded guilty to Count One of the Indictment filed on May 7, 2019, which charged him with Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e).  (ECF Nos. 1, 63.)  The Court accepted Defendant's guilty plea, withheld acceptance of the Rule 11 nature of the Plea Agreement pending review of the Presentence Investigation Report ("PSR"), and set the matter for sentencing on January 15, 2021, in Spokane, Washington.

### II.  Facts

The facts are set forth in the *Factual Basis and Statement of Facts* section of the Plea Agreement (ECF No. 63, ¶ 6) and the *Offense Conduct* and *Offense Behavior Not Part of Relevant Conduct* sections of the PSR.  (ECF No. 71, ¶¶ 9-17, 36.)  When Defendant lived in Moses Lake, Washington, within the Eastern District, he conspired with his ex-girlfriend, Maria Balbina Valdovinos-Mendoza ("Valdovinos"), to produce child pornography of Valdovinos' daughter, Minor Victim 1, who was then 11 years old, and to send it to him via the Internet.  At the time of the conspiracy, Valdovinos and Minor Victim 1 lived in California.  When Minor Victim 1 was interviewed in connection with the case, she disclosed that Defendant had also engaged in hands-on sexual abuse of her when she and Valdovinos had previously lived with Defendant in Moses Lake, when she was 9 years old and in second grade.

### III. Analysis of the Plea Agreement and Presentence Report

The United States has come to global resolution with Defendant and his federal and state defense counsel that the following sentence is appropriate, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C): twenty years in custody on the federal charge to which he is pleading guilty, followed by a lifetime of supervised release. (ECF No. 63).

For purposes of calculating the appropriate range under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), the United States respectfully submits that Defendant should not receive a 2-level enhancement for distribution of child pornography pursuant to U.S.S.G. § 2G2.1(b)(3), but should receive a 2-level enhancement for engaging in conduct that involved sexual acts with a minor pursuant to U.S.S.G. § 2G2.1(b)(2)(A). Accordingly, the United States ultimately concurs with the United States Probation Officer that Defendant's final adjusted offense level is Level 42. (ECF No. 71, ¶¶ 25-35.) The Probation Officer concluded that Defendant has two criminal history points, placing him in Criminal History Category II. (ECF No. 71, ¶ 67.) Defendant's Guidelines range is 30 years in custody. (ECF No. 71, ¶ 128.)

### IV. The United States' Sentencing Recommendation

In light of the Plea Agreement, Rule 11, the Guidelines, and the factors set forth at 18 U.S.C. § 3553, the United States requests that the Court accept the Rule 11 nature of the Plea Agreement and impose a sentence of twenty years in custody to be followed by a lifetime term of supervised release, no fine, restitution, and special assessments of $100 (mandatory) and $5,000 (absent a finding of indigence by the Court).

United States' Sentencing Position – Juan Rivera – page 2

The United States respectfully submits that such a sentence is appropriate in light of the factors set forth at 18 U.S.C. § 3553. A twenty-year sentence is necessary given the severity of Defendant's conduct, but is not longer than necessary to achieve the statutory goals of sentencing, including just punishment, deterrence, and the protection of the community—particularly the girls of Eastern Washington.

**A.     The Nature and Seriousness of the Offense**

It is difficult to overstate the egregiousness of Defendant's conduct. Although he refuses to acknowledge or accept responsibility for it, Minor Victim 1 disclosed repeated hands-on abuse by defendant in Moses Lake when she was only nine years old. The Court can conclude based on the specific, detailed, and un-objected to information in the PSR that Defendant did repeatedly engage in illicit hands-on sexual abuse of Minor Victim 1 in Moses Lake before she moved to California with her mother.

Regardless of the Court's conclusion on that issue, however, it is undisputed that after Minor Victim 1 moved to California, Defendant convinced her mother to take sexual images of her and send them to Defendant, memorialized for posterity. Defendant's conduct demands decades of incarceration and a lifetime of supervised release; his sexual interest in minor girls could not be more serious and he acted on it repeatedly. It is clear that he would stop at nothing to satisfy his own sexual desires, regardless of the physical, psychological, and emotional consequences to his victim – including working with the child's own mother to abuse her from two states away.

### B.    Defendant's Personal History and Characteristics

The United States sees no significant mitigating information in Defendant's PSR. His personal history and characteristics do not absolve him of responsibility for his actions, and having minimal countable adult criminal history erases neither Defendant's sexual interest in minors, nor the hideousness of his actions. To the contrary, unlike many Defendants before this Court, Defendant appears to have been employable and had myriad opportunities to make different decisions. Given his access to at least two minor girls (ages 10 and 4; ECF No. 71, ¶ 82), the United States is relieved that he is in custody and will remain so. The United States submits that a twenty-year term is appropriate, taking into consideration his personal history and characteristics.

### C.    Just Punishment and Respect for the Law

Minor Victim 1 deserves justice for Defendant's repeated and egregious exploitation of her, and the only mechanism for creating accountability in this process is the sentence imposed by this Court. A twenty-year sentence followed by a lifetime of supervised release appropriately reflects the serious nature of the conduct in which Defendant engaged, and is necessary to provide just punishment and promote respect for the law.

### D.    Deterrence

Defendant's pattern of repeated sexual abuse of Minor Victim 1 is significant. A lengthy term of imprisonment followed by a lifetime term of supervised release is necessary to afford specific deterrence to Defendant, as well as to create general

deterrence for others in the community who would perpetrate such crimes. A significant sentence is necessary to teach Defendant and others like him that sexually abusing children means they will go to federal prison for a long time; twenty years is necessary here to create a true deterrent effect.

### E. Protection of the Public

Defendant unquestionably presents a danger to the community, and will for a long time. A sentence of twenty years is necessary because it will protect minor girls in Eastern Washington for a significant period, and a lifetime of supervised release is appropriate here, given the need for ongoing monitoring of Defendant's conduct.

The United States is concerned by the recidivism rate for sex offenders generally. *See* Dept. of Justice, *Bureau of Justice Statistics*, P. Langan, E. Schmitt, & M. Durose, Recidivism of Sex Offenders Released in 1994, p. 1 (Nov. 2003) (reporting that compared to non-sex offenders, released sex offenders were four times more likely to be rearrested for a sex crime, and that within the first three years following release 5.3% of released sex offenders were rearrested for a sex crime); *Smith v. Doe*, 538 U.S. 84, 104 (2003) ("The risk of recidivism posed by sex offenders is 'frightening and high.'") (quoting *McKune v. Lile*, 536 U.S. 24, 34 (2002)).

The United States Sentencing Guidelines also support a life term of supervised release. Under U.S.S.G. § 5D1.2(b), "[i]f the instant offense of conviction is a sex offense . . . the statutory maximum term of supervised release is recommended."

### F.  Avoidance of Unwarranted Sentencing Disparities

Mindful that the Guidelines must be "the starting point and the initial benchmark," *United States v. Carty,* 520 F.3d 984, 991–92 (9th Cir. 2008), the United States submits that a sentence of twenty years is appropriate in this case. It is significantly beneath the 30-year sentence recommended by the Guidelines, and is the result of a complicated global plea agreement with state authorities that prevents Defendant's victim from having to face cross-examination before a roomful of strangers about the horrendous sexual traumas that Defendant visited upon her.

Twenty years for Defendant's sexual abuse of minors is also consistent with the range of sentences imposed on similarly-situated Defendants in this District. It will come as no surprise that adult men who engage in sex with children in this District typically receive sentences of at least 20 years. *See, e.g.*, *United States v. Eglet*, 19-00086-WFN (22.5 years imposed on high school football coach who sexually assaulted a 14-year-old and a 15-year-old); *United States v. Barbre*, 17-06040-SMJ (28 years imposed on adult man who drugged and raped teenage boys); *United States v. Alexander*, 17-06035-SMJ (25 years imposed on adult man who repeatedly sexually assaulted teenage boys); *United States v. Upton*, 17-06041-SMJ (21 total years imposed for adult man who sexually assaulted teenage boys). Accordingly, a sentence of twenty years in a case in which there is no photographic evidence of Defendant himself engaging in hands-on sexual assaults of Minor Victim 1 would not create unwarranted sentencing disparity.

### G. Fine, Special Penalty Assessment, Restitution, and Forfeiture

The United States and Defendant are free to recommend any fine, or none. (ECF No. 63, ¶ 12). The Probation Officer has analyzed Defendant's financial condition and has concluded that he does not have the financial means to reasonably make payment on a fine. (ECF No. 71, ¶¶ 100-102). Accordingly, the United States does not seek a fine. A $100 special assessment is mandatory. The United States defers to the Court regarding Defendant's indigence and the applicability of the $5,000 JVTA Special Assessment. A preliminary order of forfeiture has been submitted to the Court or will be in connection with sentencing. The United States recommends restitution consistent with the PSR and restitution requests. (ECF No. 71, 74.) If the United States receives additional restitution requests or victim impact statements before sentencing, the United States will submit them to the Court and counsel.

### V. Conclusion

The United States urges the Court to accept the Rule 11(c)(1)(C) Plea Agreement and impose a sentence consistent with it: twenty years in custody, a lifetime of supervised release, no fine, and restitution as requested.

Dated: January 8, 2021

William D. Hyslop
United States Attorney

*/s/ David M. Herzog*
David M. Herzog
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Defendant's counsel of record using the CM/ECF system.

> */s/ David M. Herzog*
> David M. Herzog
> Assistant United States Attorney

United States' Sentencing Position – Juan Rivera – page 1