

Andrea K. George
10 North Post Street, Suite 700
Spokane, Washington 99201
509.624.7606
Attorney for Juan Rivera

# United States District Court
## Eastern District of Washington

| | |
|---|---|
| United States,<br><br>        Plaintiff,<br><br>    v.<br><br>Juan Rivera,<br><br>        Defendant. | No. 2:19-CR-087-RMP<br><br>Sentencing Memorandum |

## I. Introduction

When Juan Rivera was living in Quincy, Washington, and Maria Valdovinos was living over 600 miles away in Gerber, California, he asked and Ms. Valdovinos agreed to take naked photos of her then 11-year old daughter. Lourdes Soto, Juan's then girlfriend, found the images and mailed them to Child Protective Services in California.[1] Maria Valdovinos was arrested, charged in state court, pled guilty (without a cooperation deal) and received a four-year term of imprisonment. Juan Rivera was arrested, charged in federal court, pled guilty and is now facing a twenty-year term of imprisonment under an 11(c)(1)(C) plea agreement.

While significantly disparate, Mr. Rivera asks this Court to accept the 11(c)(1)(C) plea agreement and impose a 20-year term of imprisonment, a life-time term of supervised release, the full restitution request of $48,000, and the $100 special assessment.

He understands the severity of this offense and the harm he caused this young girl. He feels great remorse and hopes one day she will overcome any trauma she is experiencing from his acts.

---

[1] The two-point distribution enhancement under §2G2.1(b)(3) does not apply here. The distribution was for the purpose of reporting a crime.

Sentencing Memorandum
– 1 –

## II. Discussion

**Twenty years is a significant sentence.** Mr. Rivera is asking the Court to impose a 240-month sentence—or 20 years. A twenty-year sentence is over twenty times longer than the combined total of time he has spent in a custodial setting, which certainly accomplishes a punitive effect.[2]

A twenty-year sentence also deters. Mr. Rivera will spend 25% of his life expectancy in prison for this offense, and just under 50% of his life expectancy both in prison and on supervised release.[3] And from a deterrence standpoint, the difference between a 240-month sentence (11(c)(1)(C) range) and a 360-month sentence (high end of the Guidelines/statutory maximum) is inconsequential. According to a March 2018 report from the U.S. Sentencing Commission, longer prison sentences have no impact on recidivism rates. *See Recidivism Among Federal Offenders Receiving Retroactive Sentencing Reductions* (March 2018) ("The recidivism rates were virtually identical for offenders who were released early through

---

[2] ECF No. 50, ¶¶ 128-134 (Mr. Rivera's longest prior sentence is 130 days. The combined total is 270 days).

[3] *See* http://www.worldlifeexpectancy.com/usa/life-expectancy-hispanice-male last accessed on January 8, 2020 (noting the life expectancy for a Hispanic American male in Washington is 85.36 years). Life expectancy drops to 74.95 years if deported to Mexico. https://www.google.com/search?q=life+expectancy+mexican+male&rlz=1C1CHBF_enUS852US852&oq=life+expectancy+mexican+male&aqs=chrome..69i57j0i22i30i457j0i22i30l3.10203j0j4&sourceid=chrome&ie=UTF-8. Last accessed on January 8, 2020.

Sentencing Memorandum
– 2 –

retroactive application of the FSA Guideline Amendment and offenders who had served their full sentences before the FSA guideline retroactivity took effect.").

That twenty-year sentence will not be significantly shortened. Because this is a production of child pornography conviction, Mr. Rivera will not be eligible for an RDAP or FSA reduction. And because he lacks a GED, Mr. Rivera will only receive 42 days of good time.[4]

In addition to quantity of time, there is also quality of time. Since May 2019, Mr. Rivera has been incarcerated at the Spokane County Jail, where he is on lockdown 23 hours per day during the week, and 24 hours per day during the weekend. Harsh pretrial conditions have served as a basis for a variance (or, in this case, a factor supporting the 11(c)(1)(C) sentence). *See, e.g., U.S. v. Pressley*, 345 F.3d 1205 (11th Cir. 2003) (remanding to district court and confirming that the court may impose its proposed departure of 24 months based on the significant time the defendant spent in pretrial confinement, primarily on 23-hour per day lockdown); *see also U.S. v. Ortiz*, 2007 WL 4208802 (D. N.J. Nov. 27, 2007) (explaining

---

[4] *See* BOP Program Statement P5884.03.

```
   c.  The rule further provides that an inmate subject to the
PLRA is to earn up to 42 days credit for GCT per year (prorated
for a partial year at the end of the sentence) if the inmate has
not earned or is not making satisfactory progress toward earning
a GED credential, unless, the inmate alien is subject to a final
order of removal, deportation, or exclusion.
```

SENTENCING MEMORANDUM
- 3 -

variance for multiple defendants based on pretrial confinement at county jail). This is tough time. And it will not be getting much easier, as Mr. Rivera enters the BOP as a sex offender.  All-in-all, this is a significant sentence.

**Mr. Rivera is "more than the worst thing [he's] ever done."**[5]  Mr. Rivera has worked hard his whole life and supported his family.  At 12, Mr. Rivera quit school to work full time in a machinery factory in Mexico City.  As just a young boy, he worked on a large piece of machinery producing molded pieces.  At 15, he moved to California where he worked in a clothing factory, and sold shaved ice to supplement his income.  At 17, he moved to Washington where he remained for the next 30 years.  During the day, he picked fruit or drove a tractor.  On weekends he played keyboard in a band.

Mr. Rivera has been in a 24-year-long-term relationship with Lourdes Soto. Together they have six children.  Through hard, backbreaking work, Mr. Rivera has always supported his children.

Mr. Rivera falls within criminal history category II for mostly driving offenses. There is nothing in his criminal history remotely similar to the charge of conviction.

---

[5] Bryan Stevenson.

Sentencing Memorandum
– 4 –

## Conclusion

Based on the foregoing, Mr. Rivera respectfully asks this Court to accept the 11(c)(1)(C) agreement and impose a 20-year term of imprisonment, a life-time term of supervised release, the full restitution requested by the victim and a $100 special assessment fee. This sentence is sufficient but not greater than necessary to meet the sentencing factors within 18 U.S.C. §3553(a).

Dated: January 8, 2021.

Federal Defenders of Eastern Washington & Idaho

*s/Andrea K. George*

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org

## Service Certificate

I certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: David Herzog.

*s/Andrea K. George*

Andrea K. George, MN 202125
10 North Post Street, Suite 700
Spokane, Washington 99201
t: (509) 624-7606
f: (509) 747-3539
Andrea_George@fd.org