FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 05, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JUAN RIVERA, aka Juan Rivera Cruz, Juan Cruz Rivera, Manuel Rivera, and Camaron,<br><br>　　　　　　　Defendant. | NO: 2:19-CR-87-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS |

BEFORE THE COURT, without oral argument, are various motions filed by Defendant Juan Rivera and Plaintiff United States of America. *See* ECF Nos. 85, 87, 88. Mr. Rivera, an inmate at the Federal Correctional Institute in Eaglewood, Colorado, brings his motions *pro se*. Having reviewed the motions, the responsive filings, the record, and relevant law, the Court is fully informed.

## BACKGROUND

On October 20, 2020, Defendant pled guilty to one count of Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. § 2251(a), (e). ECF No. 65.

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 1

1  On January 19, 2021, the Court sentenced Defendant to a term of 240 months
2  imprisonment and a lifetime term of supervised release.  ECF No. 80.  Upon motion
3  by the Government, the Court also dismissed the remaining counts pled in the
4  Indictment, ECF No. 1.  *Id.*  Defendant did not pursue a direct appeal of the
5  Judgment.

6  On February 18, 2022, Defendant filed a motion for extension of time to file a
7  Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No.
8  85.  Defendant also moved for appointment of counsel and to compel his former
9  defense counsel to send Defendant his entire case file.  *Id.*  The Government filed a
10 response opposing the motion.  ECF No. 86.  While the Court was still considering
11 the motion, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 on March
12 15, 2022.  ECF No. 87.  In the § 2255 motion, Defendant asserts an ineffective
13 assistance of counsel claim in violation of the Sixth Amendment to the United States
14 Constitution.  *Id.* at 1.

15 The Government argues that the § 2255 motion is untimely but requests an
16 extension of time to file its response should the Court grant Defendant equitable
17 tolling.  ECF No. 88.  Defendant filed a Construed Response opposing the
18 Government's position that his § 2255 motion is untimely.  ECF No. 89.

19 **LEGAL STANDARD**

20 A prisoner in federal custody may petition a district court for relief on the
21 ground that (1) the sentence imposed violates the Constitution or laws of the United

States, (2) the court lacked jurisdiction to impose such a sentence, (3) the sentence imposed exceeds the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Motions under § 2255 are subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The limitations period runs from the latest of the following four events:

> (1) the date the conviction became final, (2) the date on which the unlawful impediment to filing the motion is removed, (3) the date on which the right asserted was recognized by the Supreme Court as retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim presented could be discovered with due diligence.

*Id.* "[I]f the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015).

## DISCUSSION

Timeliness

The Court first considers whether Defendant's § 2255 motion is timely and, if not, whether the motion is entitled to equitable tolling. Typically, the one-year limitation period runs from "the date on which the judgment of conviction becomes final." § 2255(f)(1). Defendant's conviction became final on February 2, 2021, fourteen days after he failed to file an appeal of the Judgment entered. *See* ECF No. 80 (Judgment entered on January 19, 2021); *see also Gilbert*, 807 F.3d at 1199; *and* Fed. R. App. P. 4 (giving defendants fourteen days from entry of judgment to file a

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 3

direct appeal). Under § 2255(f)(1), the one-year time statutory period for filing the instant motion expired on February 2, 2022, fourteen days and one year after his judgment became final. Defendant filed his § 2255 motion on March 15, 2022, forty-one days late. ECF No. 87. Accordingly, Defendant's motion is untimely under § 2255(f)(1).

Separately, neither Defendant's Motion for Extension of Time to File, ECF No. 86, nor his § 2255 motion, ECF No. 87, identifies (1) a government-created impediment to filing, (2) new facts supporting a claim discovered through the exercise of due diligence, or (3) a right recently recognized by the Supreme Court and made retroactive on collateral review so as to alter the one-year period for filing a § 2255 motion. *See* § 2255(f)(2)–(4).[1] Instead, Defendant's Motion for Extension of Time to File, ECF No. 85, can be liberally construed as a request for equitable tolling based on COVID-19 related prison lockdowns between December 2021 and February 2022. *See also* ECF No. 89 (Defendant's Construed Response asks this

---

[1] To the extent that Defendant's discussion of the recent COVID-19 lockdown of his prison unit can be construed as an argument for relied under § 2255(f)(2), the Court notes that several district courts in the Ninth Circuit have expressed doubt that "the closure of the law library and other similar [health-related] restrictions due to the COVID-19 pandemic were actions taken by the Bureau of Prisons" that would "constitute [unlawful] government-induced impediments under § 2255(f)(2)." *United States v. Latin*, Cr. No. 17-514 JMS (03), 2022 WL 676670, at *4 (D. Haw. Mar. 7, 2022) (citing *Caraballo v. United States*, No. 10-CR-392-6 (CS), 2021 WL 1062036, at *2 (S.D.N.Y. 2021)); *see also Olsen v. United States*, No. 4:20-cv-166-BLW, 2021 WL 329462, at *3 (D. Idaho Feb. 1, 2021) (finding that the defendant "failed to demonstrate that his untimely motion was due to circumstances beyond his control rather than his own lack of diligence").

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 4

Court to "grant equitable tolling and consider the instant § 2255 Motion as timely"). The Court considers this argument in turn.

Equitable Tolling

The statute of limitations contained in § 2255 may be subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Circumstances warranting equitable tolling are limited and require the movant to "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGugliemo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)); *see also United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (applying the *Holland* equitable tolling standard for § 2255 motions). "Equitable tolling determinations are 'highly fact-dependent.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam)). Extraordinary circumstances beyond the defendant's control must make it "impossible to file a petition on time" and be the "cause of [the defendant's] untimeliness." *Battles*, 362 F.3d at 1197.

Preliminarily, the Court considers the timeliness and impact, if any, of Defendant's prospective motion for equitable tolling, ECF No. 85. Unlike Defendant's § 2255 motion, the Government states that Defendant's Motion for

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 5

1  Extension of Time to File "appears to fall within his one-year deadline to file a
2  petition for habeas corpus." ECF No. 86 at 2.

3  Rule 3(d) of the Rules Governing § 2255 Proceedings "codifies the prison
4  mailbox rule, which states that a motion . . . by a prisoner is deemed filed as of the
5  date he submits it to prison authorities for mailing if certain conditions are met."
6  *United States v. Winkles*, 795 F.3d 1134, 1146 (9th Cir. 2015) (citing *Huizar v.
7  Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001)). An inmate bears the initial burden of
8  demonstrating timely filing. *Id.* (citing *Caldwell v. Amend*, 30 F.3d 1199, 1202–03
9  (9th Cir. 1994)). Here, Defendant does not indicate in a sworn declaration or
10 notarized statement when he submitted his motion for extension for purposes of the
11 prison mailbox rule. The motion was stamped in Denver, Colorado on February 14,
12 2022, and filed in this Court on February 18, both of which occurred after the one-
13 year statutory period expired on February 2. *See* ECF No. 85.

14 Regardless of whether Defendant timely filed the motion for extension, the
15 Court notes a separate, unresolved issue regarding the Court's jurisdiction to hear
16 prospective motions for equitable tolling. The Supreme Court has not decided
17 "whether equitable tolling may be granted prior to the filing of a petition" and "some
18 federal circuit and district courts have explicitly held that federal courts lack
19 jurisdiction to consider the timelines of a habeas petition until it is actually filed."
20 *Fitzgerald v. Shinn*, No. CV-19-5219-PHX-MTL, 2020 WL 3414700, at *3 (D. Ariz.
21 June 22, 2020) (collecting cases). In *Fitzgerald*, the district court determined that it

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING
ALL REMAINING MOTIONS ~ 6

1  could not "evaluate [the] petitioner's diligence in all time periods—before, during
2  and after the existence of the COVID-19 pandemic, until [the p]etitioner has filed a
3  petition." *Id.* at *5 (citing *Untied States v. Smith v. Davis*, 953 F.3d 582, 593 n.3
4  (9th Cir. 2020) (en banc)).  Here, however, Defendant filed an untimely § 2255
5  motion before the Court ruled on his earlier motion for extension of time.
6  Accordingly, the Court need not decide whether it has jurisdiction to rule on the
7  Motion for Extension of Time to File, ECF No. 85, and the Court turns to the merits
8  of Defendant's argument for equitable tolling.
9       The COVID-19 pandemic, in itself, "'does not automatically warrant
10 equitable tolling for any petitioner who seeks it on that basis.'" *Olsen*, 2021 WL
11 329462, at *3 (quoting *United States v. Henry*, No. 2:17-cr-180, 2020 WL 7332657,
12 at *4 (W.D. Pa. Dec. 14, 2020)).  Rather, the petitioner must show both that he has
13 been pursuing his rights diligently and that the pandemic caused the untimely filing.
14 *See id.* (finding that "the 58 days out of the 1-year statutory period did not rise to
15 'extraordinary circumstances' that likely prevented Olsen from timely filing his
16 motion").
17      In the instant case, Defendant argues that he "has been in very restrictive
18 confinement since around December 25, 2021" with the prison's current lockdown
19 scheduled to end on February 16, 2022.  ECF No. 85 at 2.  Defendant asserts that
20 these restrictions, resulting from COVID-19 outbreaks, prevented him from
21 "drafting a complete motion stating proper arguments to prove" his ineffective

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 7

assistance of counsel claim. *Id.* at 1. The Government responds that Defendant fails to show that the COVID-related lockdown "made it impossible for Defendant to obtain information or file a petition timely." ECF No. 86 at 5. Defendant did not file a reply to refute the Government's argument. *Compare with United States v. Arias*, No. 3:11-cr-494-HZ-01, 2021 WL 76950, at *3 (D. Or. Jan. 6, 2021) ("Defendant has made no attempt to demonstrate that he pursued his rights diligently in the year before the statute of limitations expired other than a single conclusory allegation in an exhibit attached to his response.").

In his § 2255 motion, Defendant attaches two letters that he sent to his former defense counsel in October and December 2021, in which he requests additional documentation from his case file. ECF No. 87 at 21–22. However, the record reflects, and Defendant concedes, that he received several documents related to his case file as early as June 2021. *Id.* at 22–23. Moreover, even if this Court accepts Defendant's conclusory statements that his former counsel failed to provide all of the information he requested, the Ninth Circuit has determined that alleged misconduct by counsel does not necessarily entitle an individual to equitable tolling where "counsel's inaction had no effect on the timeliness of" the petitioner's § 2255 motion. *Buckles*, 647 F.3d at 890. Similar to *Buckles*, Defendant fails to demonstrate "the necessary causal link between counsel's alleged actions" or the COVID-19 related lockdowns "and the untimeliness of the § 2255 motion." *Id.*

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 8

Lastly, Defendant's Motion for Extension of Time to File was postmarked on February 14, 2022, two days before the purported prison lockdown was scheduled to end, suggesting that it was not impossible to file motions, including a timely § 2255 motion, during the lockdown period. *See* ECF No. 85 at 2. Accordingly, the Court finds that Defendant is not entitled to equitable tolling.

## CONCLUSION

Defendant's § 2255 motion, filed approximately thirteen months after his conviction became final, is untimely. 28 U.S.C. § 2255(f)(1); *see also Gilbert*, 807 F.3d at 1199. Additionally, Defendant does not demonstrate that his motion otherwise is timely under § 2255(f)(2)–(4). Instead, Defendant seeks equitable tolling for his untimely motion based on prison lockdowns related to COVID-19 that allegedly lasted between late December 2021 and mid-February 2022. However, Defendant fails to show that he diligently pursued his rights before the statute of limitations expired, and he was able to file his motion for prospective equitable tolling during the alleged prison lockdown period. Accordingly, Defendant's § 2255 motion must be dismissed as untimely, and the remaining motions related to the § 2255 motion denied as moot. A Certificate of Appealability is denied because no reasonable jurist would find it debatable whether this Court is correct in denying Defendant's § 2255 motion as untimely. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

/ / /

ORDER DENYING DEFENDANT'S MOTION TO VACATE AND DENYING ALL REMAINING MOTIONS ~ 9

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate Under 28 U.S.C. § 2255, **ECF No. 87**, is **DENIED**.

2. Defendant's Motion for Extension of Time to File, to Appoint Counsel, and Compel Discovery, **ECF No. 85**, is **DENIED AS MOOT**.

3. The Government's Motion for Extension of Time to File Response to Defendant's § 2255 Motion, **ECF No. 88**, is **DENIED AS MOOT**.

4. All remaining motions, if any, are **DENIED AS MOOT**.

5. No basis exists to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel and *pro se* Defendant, and **close this case** and civil case number **2:22-cv-44-RMP**.

**DATED** May 5, 2022.

                          *s/ Rosanna Malouf Peterson*
                          ROSANNA MALOUF PETERSON
                          Senior United States District Judge