FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Jul 20, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN RIVERA, aka Juan Rivera Cruz, Juan Cruz Rivera, Manuel Rivera, and Camaron,<br><br>Defendant. | NO:  2:19-CR-87-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT, without oral argument, is Defendant Juan Rivera's Motion for Reconsideration, ECF No. 92.  Defendant, who is proceeding *pro se*, asks this Court to reconsider its prior Order dismissing his motion to vacate brought under 28 U.S.C. § 2255.  *See* ECF No. 91.  Having reviewed the motion, the record, and relevant law, the Court is fully informed.[1]

---

[1] Pursuant to the Local Criminal Rules, "[n]o response to a motion for reconsideration shall be filed unless requested by the court."  LCrR 12(c)(5).  The Court did not request that the Government file a response in this matter.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

# BACKGROUND

On May 5, 2022, the Court denied Defendant's § 2255 motion, denied as moot all remaining motions, declined to issue a certificate of appealability, and ordered that the file be closed in the instant matter.  ECF No. 91.  Defendant placed his motion for reconsideration into the prison mail system somewhere between June 2 and June 10, 2022.  *Compare* ECF No. 92 at 8 (Defendant signs the motion on June 2, 2022) *with* ECF No. 92-1 (envelope file-stamped on June 10, 2022).  Defendant argues that this Court erred by failing to construe his motion for extension of time as a timely habeas petition.  ECF No. 92 at 2.  In the alternative, Defendant argues that he is entitled to equitable tolling of his untimely filed § 2255 motion.  *Id.* at 4.

# LEGAL STANDARD

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration.  *United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012).  However, Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend judgment in certain circumstances.  Alternatively, Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)–(6).

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2

1    et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A motion for

2    reconsideration should not be granted "unless the district court is presented with

3    newly discovered evidence, committed clear error, or if there is an intervening

4    change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656,

5    665 (9th Cir. 1999); *see also* LCrR 12(c)(5) ("Motions for reconsideration are

6    disfavored" and a court "will ordinarily deny such motions in the absence of a

7    showing of manifest error in the prior ruling or a showing of new facts . . . which

8    could not have been brought to its attention earlier with reasonable diligence.").

9    **ANALYSIS**

10    Preliminarily, the Court addresses whether the instant motion for

11    reconsideration is timely.  A motion for reconsideration under Rule 59(e) must be

12    filed "no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  The

13    Court's order dismissing the § 2255 motion was filed on May 5, 2022, and the

14    Clerk's Office filed Mr. Rivera's motion for reconsideration on June 16, 2022, forty-

15    three days later.  ECF No. 91.

16    However, Defendant's motion may be timely under the prison mailbox rule,

17    which provides that a motion by a pro se litigant is deemed "filed" at the moment it

18    is delivered to "prison authorities for forwarding to the court clerk."  *Houston v.*

19    *Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Huizar v.*

20    *Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The rules governing § 2255 motions

21    provide that "[t]imely filing may be shown by a declaration in compliance with 28

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 3

U.S.C. §1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." Rules Governing § 2255 Proceedings, R. 3, 28 U.S.C. foll. § 2255.

In this case, the earliest date file-stamped on the envelope for the instant motion is June 10, 2022. ECF No. 92-1. Defendant did not separately file a declaration or notarized statement setting forth when he delivered the motion to prison authorities nor does Defendant submit evidence of the prison log to demonstrate when the motion was delivered. *See, e.g.*, *Douglas v. Noelle*, 567 F.3d 1103 (9th Cir. 2009) (holding that a declaration or statement was unnecessary where the prison's own records showed that the complaint was sent to the district court by registered mail prior to the filing deadline). Nevertheless, Defendant's motion provides that it was "submitted under penalty of perjury" on June 2, 2022, exactly twenty-eight days after the Court issued its Order. ECF No. 92 at 8. Accordingly, the Court will consider the motion for consideration under Rule 59(e). For sake of judicial efficiency, the Court separately considers the motion under Rule 60(b), which requires that motions for relief from judgment be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(b).

*Reconsideration Under Rule 59(e)*

Defendant raises several arguments in his motion for reconsideration. First, he notes that he mislabeled the motion filed on February 18, 2022, as a motion for extension of time to file rather than a § 2255 motion. ECF No. 92 at 1. This

1   argument is inconsistent with Defendant's filing of a separate § 2255 motion

2   approximately one month later, suggesting that he knew that his first motion was not

3   a § 2255 motion.  *Compare* ECF No. 85 (Motion for Extension of Time to File §

4   2255 Motion and Request to Appoint Counsel) *with* ECF No. 87 (Motion Under 28

5   U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed March 15, 2022).

6          Nevertheless, Defendant maintains that a liberal construction of his initial

7   motion for extension of time shows that it contains the necessary elements of a §

8   2255 motion.  ECF No. 92 at 1.  At least one district court in this circuit has rejected

9   a similar argument where recharacterization of a motion for extension of time as a §

10  2255 petition would be both inconsistent with "the limits and specific nature" of the

11  movant's initial request and disadvantageous to the movant, given the restrictive

12  nature of successive § 2255 petitions.  *See United States v. Latin*, Cr. No. 17-00515

13  JMS (03), 2022 WL 676670, at *1 n.4 (D. Haw. Mar. 7, 2022) (citing *Castro v.*

14  *United States,* 540 U.S. 375, 381–83, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003)); *see*

15  *also United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000)).  In *Seesing*, the

16  Ninth Circuit adopted the procedures used in the Second and Third Circuits to

17  extend certain protections to pro se litigants for habeas cases.  234 F.3d at 464.  One

18  procedural protection provides that district courts should not recharacterize motions

19  as a § 2255 motion unless the court (a) obtains advanced informed consent of the pro

20  se prisoner for such a recharacterization and (b) finds that the relief sought in the

21

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 5

motion is consistent with such recharacterization and that the pro se prisoner has had a chance to first withdraw the motion. *Id.*

In reviewing Defendant's motion for extension of time, the only relief requested is for (1) a forty-five-day extension of time, (2) an order compelling Defendant's former defense counsel to provide discovery, and (3) appointment of counsel. ECF No. 85 at 1–2. Accordingly, the motion for extension of time and various other relief, filed on February 18, 2022, should not be recharacterized as a § 2255 motion.[2]

Defendant did file a § 2255 motion on March 15, 2022, which the Court already determined to be untimely. ECF Nos. 87, 91. In so ruling, the Court declined to apply equitable tolling. In the instant motion, Defendant argues that "equitable tolling is appropriate in the instant case" for the same reason advanced in his motion for extension of time: the COVID-19 pandemic. ECF No. 92 at 4; *see also* ECF No. 85 at 1–2.

_____

[2] In declining to recharacterize Defendant's motion for extension of time as a § 2255 motion, the Court need not consider whether the motion for extension of time was timely filed pursuant to the prison mailbox rule within the one-year deadline for § 2255 motions. Even so, the Court reiterates the analysis in its prior Order that the motion did not "indicate in a sworn declaration or notarized statement when [Defendant] submitted his motion for extension of time for purposes of the prison mailbox rule." ECF No. 91 at 6. Moreover, Defendant's request for a forty-five-day extension to March 15, 2022, provides no support for when he delivered the motion for extension of time to prison authorities. *Contrast with* ECF No. 92 at 8 (Defendant states under penalty of perjury that he submitted the motion for reconsideration on June 2, 2022).

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 6

A motion for reconsideration under Rule 59(e) "is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Davis*, No. 2:08-cr-0474 WBS KJN P, 2019 WL 1428112, at *1 (E.D. Cal. Mar. 29, 2019) (quoting *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)). Defendant does not present newly discovered evidence, clear error, or a controlling change in the law. *See 389 Orange St. Partners*, 179 F.3d at 665. Instead, Defendant reiterates the arguments advanced in his motion for extension of time regarding the COVID-19 pandemic and cites to *Brown v. Davis*[3], a district court case that he mistakenly characterizes as Ninth Circuit precedent. ECF No. 92 at 4.

In *Brown*, the district court granted equitable tolling of the limitations deadline under 28 U.S.C. § 2244, citing the "exceptional and extraordinary circumstances of the COVID-19 pandemic" and the impact that the pandemic had on the "petitioner's right to the assistance of appointed habeas counsel in preparing his federal habeas petition." 2021 WL 1839411, at *4. The district court's reasoning in *Brown* is not binding on this Court. Nor does *Brown* create a change in controlling law that undermines this Court's prior reasoning that Defendant failed to diligently pursue his rights before the statute of limitations expired in the instant matter. *See*

---

[3] *See Brown v. Davis*, No. 1-19-cv-01796-DAD, 2021 WL 1839411 (E.D. Cal. May 7, 2021). Defendant specifically cites to an order from *Brown* filed on January 28, 2022. ECF No. 92 at 4. That order is filed at ECF No. 37 in Case No. 1-19-cv-01796-DAD, but it is not available on Westlaw.

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 7

1  ECF No. 91 at 9.  Therefore, the Court denies Defendant's motion for

2  reconsideration under Rule 59(e).

3    *Reconsideration Under Rule 60(b)*

4    The Court alternatively examines Defendant's arguments for reconsideration

5  under Rule 60(b), which provides relief from judgment in several narrow

6  circumstances, including "mistake[,]" "newly discovered evidence[,]" or "any other

7  reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (2), (6).  Defendant presents no

8  evidence of mistake or newly discovered evidence to support reconsideration of the

9  Court's prior Order.  Instead, he argues that his motion for extension of time should

10  have been recharacterized as a § 2255 motion that was timely under the prison

11  mailbox rule or, alternatively, that he is entitled to equitable tolling.  ECF No. 92 at

12  1–7.  The Court liberally construes these arguments as a request for relief pursuant

13  to the "catchall" provision in Rule 60(b)(6).

14    Ninth Circuit precedent demonstrates that relief under Rule 60(b)(6) requires a

15  showing of "extraordinary circumstances."  *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th

16  Cir. 2014) (internal quotation marks omitted).  Here, Defendant simply disagrees

17  with the Court's previous ruling that his § 2255 motion was untimely and "[m]ere

18  disagreement with a previous order is an insufficient basis for reconsideration."

19  *Barnes v. Sea Hawaii Rafting, LLC*, 16 F. Supp. 3d 1171, 1183 (D. Haw. 2014); *see*

20  *also Mothershed v. Elwell*, 235 Fed. Appx. 638 (9th Cir. 2007) (affirming the district

21  court's denial of motion for reconsideration where the pro se movant showed only

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 8

that he disagreed with the district court's interpretation of the law but failed to show an intervening change in the law or newly discovered evidence).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, **ECF No. 92**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and to Defendant.

**DATED** July 20, 2022.


_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 9