FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN RIVERA, aka Juan Rivera Cruz, Juan Cruz Rivera, Manuel Rivera, and Camaron,<br><br>Defendant. | NO:  2:19-CR-87-RMP-1<br><br>ORDER TRANSFERRING DEFENDANT'S SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

BEFORE THE COURT, without oral argument, is Defendant Juan Rivera's Successive Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  ECF No. 95.  The Court has reviewed the motion, has considered the record and relevant law, and is fully informed.

## BACKGROUND

On March 15, 2022, Defendant filed his first Motion Under 28 U.S.C. § 2255. ECF No. 87.  That motion was denied on May 5, 2022.  ECF No. 91.  This Court declined to issue a Certificate of Appealability, because "no reasonable jurist would

ORDER TRANSFERRING DEFENDANT'S SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

1  find it debatable whether this Court is correct in denying Defendant's § 2255 motion

2  as untimely."  ECF No. 91 at 9 (citing *Slack v. McDaniel*, 529 U.S. 473, 484

3  (2000)).  On June 16, 2022, Defendant filed a Motion for Reconsideration, which

4  also was denied.  *See* ECF Nos. 92 (Motion) and 93 (Order).  Defendant filed the

5  present successive § 2255 motion on February 6, 2024.  ECF No. 95.

6  **LEGAL STANDARD**

7       A federal prisoner in custody may file a motion under 28 U.S.C. § 2255 to

8  collaterally challenge his sentence on the grounds that it was imposed in violation of

9  the Constitution or laws of the United States, or that the Court lacked jurisdiction to

10  impose the sentence or that the sentence exceeded the maximum authorized by law.

11  28 U.S.C. § 2255.  However, the Antiterrorism and Effective Death Penalty Act

12  "imposes significant limitations on the power of federal courts to award relief to

13  prisoners who file 'second or successive' habeas petitions."  *United States v. Lopez*,

14  577 F.3d 1053, 1059 (9th Cir. 2009).  "A petitioner is generally limited to one

15  motion under § 2255, and may not bring a 'second or successive motion' unless it

16  meets the exacting standards of 28 U.S.C. § 2255(h)."  *United States v. Washington*,

17  653 F.3d 1057, 1059 (9th Cir. 2011).  A motion under § 2255 is successive if it

18  raises claims that were adjudicated, or could have been adjudicated, on the merits in

19  a previous § 2255 motion.  *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir.

20  2009).

21

ORDER TRANSFERRING DEFENDANT'S SUCCESSIVE MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

Pursuant to 28 U.S.C. § 2255(h),

[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statutory reference to 28 U.S.C. § 2244 refers to the requirement that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Ninth Circuit Rule 22-3(a).

## DISCUSSION

As previously noted, the Court already has considered and denied Defendant's first motion under 28 U.S.C. § 2255. ECF Nos. 87 and 91. Defendant's successive § 2255 motion is identical to his first § 2255 motion. *See* ECF Nos. 87 and 95. Defendant does not demonstrate that the Ninth Circuit has authorized a successive § 2255 motion. Lacking that authorization from the appellate court, a district court "lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061. Therefore, this Court does not have jurisdiction to consider his application for relief.

Ninth Circuit Rule 22-3(a) provides in part: "If an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals." *See also* 28 U.S.C. § 1631. The Court believes that it is in the interests of justice to transfer this case to the Ninth Circuit. In general, the Ninth Circuit has taken a broad view of when transfer is appropriate, recognizing that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (citation omitted). Transferring Defendant's Motion would expedite a just result in his case.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion to Vacate Under 28 U.S.C. § 2255, **ECF No. 95**, shall be terminated in this Court and **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2255(h).

2.      Defendant is advised that this transfer will not itself constitute compliance with 28 U.S.C. § 2255 and Circuit Rule 22-3(a). Defendant must still file an application for leave to proceed with the Ninth Circuit and make the showing required by § 2255. The Clerk of the Court shall send Defendant a copy of the Ninth Circuit **Form 12**.

ORDER TRANSFERRING DEFENDANT'S SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4

3.    The corresponding civil file, **2:24-cv-43-RMP**, shall be **CLOSED.**

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

Order, provide copies to counsel and *pro se* Defendant.

**DATED** February 12, 2024.


_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge